UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 24-00475 WHA |
| v. | |
| TIMOTHY JEFFREY, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

Defendant Timothy Jeffrey moves to dismiss the two Section 922(g)(1) felon-in-possession charges in his indictment (Case No. 24-00475) and corresponding Form 12 charges (Case No. 12-00216 and Case No. 16-00002). He argues that Section 922(g)(1) is unconstitutional as applied to him because, *first*, our circuit law affirming the constitutionality of Section 922(g)(1) was abrogated by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, and *second*, Section 922(g)(1) fails the "history and tradition" test set out in *Bruen*.

The undersigned considered and denied a substantially similar argument in another Section 922(g)(1) prosecution, *United States v. Aguilera*. No. CR 23-00217 WHA, 2024 WL 4778044 (N.D. Cal. Nov. 12, 2024). Defendant's arguments fail for the same reasons. *First*, our circuit's precedent, *United States v. Vongxay*, is still controlling. 594 F.3d 1111 (9th Cir. 2010); *Aguilera*, 2024 WL 4778044, at *3-8. While there is some tension between *Vongxay*

and *Bruen*, they are not "clearly irreconcilable." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1074 (9th Cir. 2018) ("Nothing short of 'clear irreconcilability' will do."). *Second*, if *Vongxay* was not controlling, Section 922(g)(1)'s application to defendant would pass muster under *Bruen* given his six prior felony convictions, including felony taking of a vehicle without consent, receipt of stolen property, escape from federal custody, and conspiracy to distribute and possession with intent to distribute methamphetamine. *See Aguilera*, 2024 WL 4778044, at *8-14.

Following oral argument, the undersigned afforded defense counsel an opportunity to file a supplemental brief attempting to distinguish the present motion from *Aguilera* (Dkt. No. 26). As an initial matter, defendant does not challenge that order's holding that *Vongxay* — under which his motion must be denied — controls. As to *Aguilera*'s subsequent application of the *Bruen* test, the arguments made do not move the needle.

*First*, defendant points out that "[i]n *Aguilera*, there appears to be at least an initial issue of whether the 2nd Amendment is applicable to non-citizens," while here, defendant is "an American citizen by birth" (*id*. at 1). True, but *Aguilera* "assume[d] (without deciding) that the Second Amendment extends to unlawful aliens." *Aguilera*, 2024 WL 4778044, at *8. Defendant's distinction makes no difference.

*Second*, defendant argues that his convictions are "for non-violent offenses," and not for burglaries, as was the case in *Aguilera* (Dkt. No. 26 at 2). *Aguilera* explained that "the historical precedents [therein] extended to all manner of crimes, not only 'crimes of violence,'" because "[l]aws imposing capital punishment and estate forfeiture did not treat the degree of violence accompanying the underlying act as determinative of sentence severity." *Id*. at 14. The notion, moreover, that defendant's felony conviction for conspiracy to possess methamphetamine with the intent to distribute is "non-violent" is incorrect: "Like burglary or robbery, drug trafficking plainly poses substantial risks of confrontation that can lead to immediate violence." *United States v. Alaniz*, 69 F.4th 1124, 1130 (9th Cir. 2023). Even the since-vacated panel decision striking down Section 922(g)(1) as applied to a defendant convicted of vandalism conceded that drug traffickers could be disarmed. *United States v.*

*Duarte*, 101 F.4th 657 (9th Cir.), *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024). Defendant's convictions are more than enough to bring him within the ambit of *Aguilera*'s analysis.

*Finally*, the bulk of defendant's supplemental briefing takes issue with the methodology laid out in *Bruen*, arguing that "both *Bruen*, and its successor case, *United States v. Rahimi* . . . appear to be more results driven than based on actual historical precedent" (Dkt. No. 26 at 2-4). That argument misunderstands the role of the district courts and is not considered here. *Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.").

Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 2, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3